UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
GLORIA JEAN SINGLETARY,

                Plaintiff,

        - against -

MARGARITA LOPEZ TORRES, PHILIP
LACOUDE, PEGGY MURRAY, JP
MORGAN CHASE BANK, and LATOYA
CARLYLE,

                Defendants.
----------------------------------------------------------x

**NOT FOR PUBLICATION**

**MEMORANDUM & ORDER**
19-CV-4880 (PKC)

PAMELA K. CHEN, United States District Judge:

      On August 23, 2019, Plaintiff Gloria Jean Singletary, proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983, challenging proceedings before the Supreme Court of the State of New York, Kings County and the Surrogate's Court of the State of New York, Kings County. Plaintiff's application to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915 solely for the purpose of this Order. As set forth below, the Complaint is dismissed.

## BACKGROUND

      This case arises from two state court proceedings concerning the estate of Lynn Bowden, Jr., who passed away on July 7, 2017 (Complaint ("Compl."), Dkt. 1, at ECF[1] 7−8): (1) a probate matter relating to the distribution of Bowden's estate before the Honorable Margarita Lopez Torres in New York State Surrogate's Court (*id*. at ECF 10; Compl., Exhibit H); and (2) a New York Supreme Court action Plaintiff filed against Phillip Lacoude and Chase Bank seeking access to

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

1

Bowden's checking account (*see id.* at ECF 10; Compl., Exhibits A−C). Plaintiff's central claim in the instant action relating to these two state court actions is that:

> JP Morgan, Chase Bank intentionally conspired with Peggy Murray, and Margarita Lopez Torres to stop the fraud case that I had against Philip Lacoude and JP Morgan Chase Bank in the Supreme Court. Maragarita [sic] Lopez Torres acted beyond her official authority pretending to act in the performance of her official duties by having the Supreme Court Judge enjoined the Fraud case to the Surrogate[']s Court case to the Surrogates Court case.

(*Id*. at ECF 7.) In addition, Plaintiff challenges Judge Lopez Torres's decision to issue Letters of Administration to Murray, because Murray "is not the daughter of the deceased[]" (*id*. at ECF 8), and that by signing "a Discovery Order on April 12th, 2019 to a Peggy Murray[,]" Judge Torres was "willfully depriving [Plaintiff] the right and privilege protected by the Constitution, or laws of the United States[,]" namely, a monetary gift that Bowden had promised Plaintiff before her death (*id.* at ECF 7, 10). Plaintiff also alleges that Peggy Murray "defrauded the Surrogate's Court in order to get [P]laintiff's money being held at the Chase Bank." (*Id.* at ECF 11.) Plaintiff seeks "injunctive relief prohibiting the defendants from enforcing the discovery statu[t]e against [Plaintiff] and prohibit JP Morgan Chase Bank from releasing any funds from [Plaintiff's] checking account . . . ." (*Id.* at ECF 9.)

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). At the pleading stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Iqbal*, 556 U.S. at 678). Although all

allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In addition, a *pro se* complaint is "to be liberally construed," *Ahlers v. Rabinowitz*, 684 F.3d 53, 60 (2d Cir. 2012), and interpreted "to raise the strongest arguments that [it] suggests," *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996); *see Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) ("submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest") (internal citations and quotation marks omitted).

Nonetheless, pursuant to the *in forma pauperis* statute, this Court must dismiss a case if the Court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, "when a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006); *see also* Fed. R. Civ. P 12(h)(3).

## DISCUSSION

### I. The Court Lacks Subject Matter Jurisdiction Over This Matter

The Court cannot grant the injunctive relief Plaintiff seeks or otherwise intervene in the state court proceedings. Under the Anti-Injunction Act (the "Act"), "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. The Act functions as "an absolute prohibition against any injunction of any state-court proceedings." *Vendo Co. v. Lektro Vend Corp.*, 433 U.S. 623, 630 (1977). Because none of the exceptions identified in the Act apply, the Court lacks jurisdiction to

consider Plaintiff's Complaint seeking to enjoin proceedings before either the Surrogate's Court or the Supreme Court of the State of New York.

## II. *Younger* Abstention

Even if the Court possessed jurisdiction to consider Plaintiff's Complaint, the *Younger* abstention doctrine also cautions against enjoining or otherwise interfering in ongoing state proceedings. *See Sprint Communications, Inc. v. Jacobs*, 571 U.S 69, 77−78 (2013) (defining "*Younger*'s scope"); *see generally Younger v. Harris*, 401 U.S. 37, 43−45 (1971). Under the *Younger* abstention doctrine, "[f]ederal courts ordinarily must abstain from exercising jurisdiction over constitutional claims seeking declaratory or injunctive relief when: 1) there is an ongoing state proceeding; 2) an important state interest is implicated; and 3) the plaintiff has an avenue open for review of constitutional claims in the state court." *Graham v. N.Y. Ctr. for Interpersonal Dev.*, No. 15-CV-00459 (PKC), 2015 WL 1120120, at *2 (E.D.N.Y. Mar. 12, 2015). Abstention is plainly appropriate in this case, since the sole relief Plaintiff seeks is for this Court to intervene in the two pending state court proceedings. Thus, even if the Court had jurisdiction over this matter, it would abstain from exercising it.

## III. Improper Parties

This action also names improper parties, who are either immune from suit or are not liable under § 1983.

First, judicial immunity bars any 42 U.S.C. § 1983 claims against Judge Margarita Lopez Torres for judicial acts she performed in her judicial capacity. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) (*per curiam*); *Gross v. Rell*, 585 F.3d 72, 84 (2d Cir. 2009) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority . . . .") (internal citation omitted). Because Plaintiff challenges decisions

4

that Judge Lopez Torres made in her judicial capacity (*see* Compl., at ECF 7 ("Margarita Lopez in her *Judicial Capacity* signed a Discovery Order . . . .") (emphasis added)), she is entitled to absolute immunity.

Second, the remaining defendants—Laconde, Murray, Chase Bank, and Carlyle—are private parties who cannot be sued under § 1983 based on the facts alleged in this case. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) ("the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.") (internal citation and quotation marks omitted).[2]

Thus, even if the Court had jurisdiction, the Complaint would still be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) based on the naming of improper parties.

## CONCLUSION

For the reasons stated herein, the Court dismisses the Complaint for lack of subject matter jurisdiction. Plaintiff's application for *pro bono* counsel is denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444−45 (1962).

The Clerk of Court is respectfully directed to enter judgment and close this case.

---

[2] The probate exception also bars Plaintiff's claims against Defendant Murray. *See Marshall v. Marshall*, 547 U.S. 293, 311−12 (2006) ("reserv[ing] to state probate courts the probate or annulment of a will and the administration of a decedent's estate [and] preclud(ing) federal courts from endeavoring to dispose of property that is in the custody of a state probate court"); *Lefkowitz v. Bank of New York*, 528 F.3d 102, 105 (2d Cir. 2007) (same).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: August 29, 2019
      Brooklyn, New York